IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-48-D

| | |
|---|---|
| DANIELLE R. GOINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ROBERT M. SPEER, acting Secretary of the ) | |
| Army, and DEPARTMENT OF THE ARMY, ) | |
| ) | |
| Defendants. ) | |

On April 8, 2016, Danielle R. Goins ("Goins") filed a complaint against the Secretary of the Army[1] and the Department of the Army ("the government") alleging breach of contract based on a settlement agreement the parties executed in October 2004 to resolve a Title VII case [D.E. 1]. On April 19, 2016, Goins filed an amended complaint [D.E. 3].[2] Goins seeks specific performance of the settlement agreement and compensatory damages "in excess of $58,631.00." Id. Prayer for Relief. On October 31, 2016, the government answered [D.E. 8]. On December 14, 2016, the government moved to dismiss Goins's amended complaint for lack of subject-matter jurisdiction [D.E. 10] and filed a supporting memorandum [D.E. 11]. On January 4, 2017, Goins responded in opposition [D.E. 16]. On January 6, 2017, Goins moved to amend her complaint [D.E. 18]. On

---

[1] In her complaint, Goins named then-Acting Secretary of the Army Eric K. Fanning. On January 20, 2017, Robert M. Speer became Acting Secretary of the Army. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the court substitutes Acting Secretary Speer as the relevant defendant.

[2] Although the docket reflects this filing as a "Corrected Complaint," Goins styled it an "Amended Complaint," and a comparison of this filing and Goins's original complaint reveals substantive changes in Goins's state of residency. Compare [D.E. 1] ¶ 4, with [D.E. 3] ¶ 4. Thus, the court treats docket entry three as an amended complaint.

January 18, 2017, the government responded in opposition to Goins's motion to amend [D.E. 19] and replied to Goins's response in opposition to the government's motion to dismiss [D.E. 20]. As explained below, the court grants the government's motion to dismiss and denies as futile Goins's motion to amend her complaint.

I.

On December 3, 2003, Goins sued the Acting Secretary of the Department of the Army in this district. See Complaint, Evans v. Brownlee, 5:03-CV-897, Compl. [D.E. 1] (E.D.N.C.). A civilian employee, Goins alleged that the Army had fired her during her probationary period because of her race and sex in violation of Title VII. See id. ¶¶ 1, 3–4. On October 6, 2004, the parties executed a settlement agreement ("the settlement agreement"). See Am. Compl. [D.E. 3] ¶ 8; [D.E. 8-2] (settlement agreement). The Army agreed to remove a form in Goins's personnel file stating that she had been terminated during her probationary period and to replace it with one stating that Goins had resigned for personal reasons. See [D.E. 8-2] ¶ 3(b); Am. Compl. ¶ 11. The Army agreed to cancel the original form and expunge it from Army records and Goins's personnel file. [D.E. 8-2] ¶ 3(c). In return, Goins agreed to dismiss the action with prejudice and to not seek employment with the Army for three years. Id. ¶ 3(d), (f). The settlement agreement also provided that it "constitute[d] the complete understanding" between Goins and the Army and that "[n]o other terms, promises, or agreements will have any force or effect unless reduced to writing and signed by all the parties to the Agreement." Id. ¶ 2. The court never approved the settlement, incorporated it into an order, or explicitly retained jurisdiction over its enforcement. On November 8, 2004, Goins filed a stipulation of dismissal with prejudice. See Evans v. Brownlee, 5:03-CV-897, [D.E. 9] (E.D.N.C.).

On December 1, 2004, an employee of the Army notified Goins that the Army had removed the original form stating that Goins had been terminated during her probationary period and replaced

2

it with a form stating that she had resigned for personal reasons. Am. Compl. ¶ 12. On September 7, 2006, in response to Goins's inquiries, the Army again told Goins that it had removed and destroyed the original form. Id. ¶¶ 13–17.

On February 9, 2015, Goins obtained a conditional appointment to serve in the Ultrasound Section of the U.S. Army Medical Command's Department of Radiology. Id. ¶ 18. Around March 2015, Goins applied to serve as a Supervisory Medical Instrument Technician (Ultrasound) with the U.S. Army Medical Command. Id. ¶ 19. In her application, Goins stated that she had resigned from her position that was the subject of the 2003 lawsuit and resulting settlement agreement. Id. ¶ 20. After applying, Goins learned she was being investigated for allegedly lying about having resigned from her previous position. Id. ¶ 21. Nothing came of the investigation, but Goins did not obtain the position and its $58,631.00 annual salary. Id. ¶¶ 22–23.

On December 8, 2015, Goins reviewed her personnel file. Id. ¶ 24. She discovered that the Army had not replaced the original form. Id. ¶ 25. Her electronic personnel file similarly stated that she was terminated during her probationary period. Id. ¶ 26.

On December 17, 2015, Goins wrote the Equal Employment Opportunity ("EEO") Director at Fort Bragg. Id. ¶ 27; see [D.E. 8-9]. Goins alleged that the Army had breached the settlement agreement and demanded $55,000.00 in compensatory damages. Am. Compl. ¶ 27; [D.E. 8-9]. On December 21, 2015, the EEO Director told Goins to notify the Director of EEO Compliance and Complaints Review at Fort Belvoir of the alleged breach. Am. Compl. ¶ 28; [D.E. 8-10]. On January 5, 2016, Goins contacted the Director of EEO Compliance and Complaints Review concerning the alleged breach. See Am. Compl. ¶ 29.

On January 12, 2016, the Director of EEO Compliance and Complaints Review issued a Final Decision denying Goins's request for relief because the agency lacked jurisdiction to render

3

a decision. [D.E. 8-3]. The agency lacked jurisdiction because "the allegation of noncompliance involves a settlement agreement reached in United States District Court and the settlement agreement neither resolved other pending administrative claims nor contained a blanket waiver of all pending EEO claims." Id. at 2. In support, the Final Decision cited EEOC opinions holding that the agency lacks jurisdiction to entertain allegations that a federal agency breached a settlement agreement entered into to resolve a civil action filed in a United States District Court. Id. at 3. The Final Decision concluded that Goins's "allegations of breach of the civil action settlement agreement should be raised in a different forum such as a United States [D]istrict [C]ourt." Id. The Final Decision also stated that Goins could appeal to the EEOC or, "[i]n lieu of an appeal to the Commission," that Goins "may file a lawsuit in the appropriate United States District Court" as "authorized under Title VII, the Age Discrimination in Employment Act ('ADEA'), and the Rehabilitation Act." Id. at 5.

On April 8, 2016, Goins filed a complaint in this court against the Secretary of the Army and the Department of the Army alleging breach of the settlement agreement [D.E.1]. Goins seeks specific performance of the settlement agreement and compensatory damages "in excess of $58,631.00." [D.E. 3] Prayer for Relief.

II.

The government moves to dismiss Goins's complaint for lack of subject-matter jurisdiction. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction, which is "the court's statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 104; see, e.g.,

4

Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

Enforcement of a settlement agreement, "whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994). One such basis arises when the district court retains jurisdiction over a settlement agreement's enforcement. For jurisdiction to exist on this basis, "[t]he obligation to comply with a settlement's terms must be expressly made part of a court's order." Smyth ex rel. Smyth v. Rivero, 282 F.3d 268, 283 (4th Cir. 2002). A district court cannot enforce a settlement agreement "unless the obligation to comply with its terms is 'made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'" Id. at 280–81 (quoting Kokkonen, 511 U.S. at 381).

In 2004, the court did not expressly make the settlement agreement's terms part of a court order. Accordingly, "jurisdiction to enforce the settlement agreement [does] exist absent some independent basis of jurisdiction." Id. at 281; see Kokkonen, 511 U.S. at 381–82.

Goins argues that federal-question jurisdiction exists to enforce the settlement agreement because her claim arises under Title VII. The court rejects this argument for several reasons. First, although part of the consideration for the settlement agreement was dismissal of Goins's Title VII action, "[n]o federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute." Kokkonen, 511 U.S. at 381. On its face,

5

Goins's complaint alleges only a breach of the settlement agreement. It does not allege that defendants violated Title VII or engaged in discriminatory conduct. As purely a breach-of-contract claim, Goins's claim does not arise under Title VII. See Atkinson v. Sellers, 233 F. App'x 268, 272–73 (4th Cir. 2007) (unpublished); see also Charles v. McHugh, 613 F. App'x 330, 333 (5th Cir. 2015) (per curiam) (unpublished); Thompson v. McHugh, 388 F. App'x 870, 872–73 (11th Cir. 2010) (per curiam) (unpublished); Morris v. City of Hobart, 39 F.3d 1105, 1110–12 & n.4 (10th Cir. 1994).

Second, Title VII's waiver of sovereign immunity does not extend to payment of monetary damages if the federal government breaches a settlement agreement that resolved a Title VII claim. See Frahm v. United States, 492 F.3d 258, 262 (4th Cir. 2007). Likewise, Title VII's waiver of sovereign immunity does not encompass an action requesting specific performance of a settlement agreement that resolved a Title VII action. See Lindstrom v. United States, 510 F.3d 1191, 1195 & n.4 (10th Cir. 2007); Kaplan v. James, 25 F. Supp. 3d 835, 839–40 (E.D. Va. 2014) (collecting cases); Berry v. Gutierrez, 587 F. Supp. 2d 717, 728 (E.D. Va. 2008), aff'd sub nom., Berry v. Locke, 331 F. App'x 237 (4th Cir. 2009) (per curiam) (unpublished). Moreover, although the Fourth Circuit has implied that the federal government can waive sovereign immunity if a settlement agreement contemplates monetary damages in case of the government's breach, Frahm, 492 F.3d at 262, Goins's settlement agreement does not do so.

Finally, the Final Decision's statement that Goins could file suit in federal district court provides no support for concluding that subject-matter jurisdiction exists. This boilerplate language neither provides a basis for jurisdiction nor waives the federal government's sovereign immunity. See United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 660 (1947) ("It has long been settled that officers of the United States possess no power through their actions to waive an immunity of the

6

United States or to confer jurisdiction on a court in the absence of some express provision by Congress."); Charles, 613 F. App'x at 335; Thompson, 388 F. App'x at 874; Kaplan, 25 F. Supp. 3d at 841.

Goins's theories for subject-matter jurisdiction lack merit. Nonetheless, in its motion to dismiss the government acknowledges the possibility of jurisdiction under the Little Tucker Act. The Little Tucker Act, 28 U.S.C. § 1346, and its companion statute the Tucker Act, 28 U.S.C. § 1491, waive sovereign immunity for certain breach-of-contract claims brought against the United States. The statutes create a jurisdictional scheme dependent upon the amount of damages claimed:

> The Tucker Act confers jurisdiction only on the United States Court of Federal Claims to hear cases involving express or implied contracts with the United States. 28 U.S.C. § 1491(a)(1). The Little Tucker Act confers concurrent jurisdiction on the district courts to hear contract claims involving the United States that do not exceed $10,000. 28 U.S.C. § 1346(a)(2).

Vill. of Bald Head Island v. U.S. Army Corps of Eng'rs, 833 F. Supp. 2d 524, 534 (E.D.N.C. 2011), aff'd, 714 F.3d 186 (4th Cir. 2013); see Randall v. United States, 95 F.3d 339, 346–47 (4th Cir. 1996). If a plaintiff's claim is for more than $10,000, she must bring the action in the Court of Federal Claims. See Randall, 95 F.3d at 347. A settlement agreement with the federal government qualifies as a contract within the meaning of the Tucker Act and Little Tucker Act. See, e.g., Hendrickson v. United States, 791 F.3d 354, 362 (2d Cir. 2015); Bianchi v. United States, 475 F.3d 1268, 1273–74 (Fed. Cir. 2007); Friedman v. United States, 391 F.3d 1313, 1314–15 (11th Cir. 2004 (per curiam); Shaffer v. Veneman, 325 F.3d 370, 372 (D.C. Cir. 2003); see also United States v. Wise, No. 5:14-CV-844-FL, 2016 WL 755627, at *3 n.3 (E.D.N.C. Feb. 25, 2016) (unpublished); Bell v. McDonald, No. 1:14CV188, 2015 WL 3463479, at *4–5 (M.D.N.C. June 1, 2015) (unpublished).

7

The government contends that Goins's claim does not fall within the Little Tucker Act's grant of concurrent jurisdiction due to the remedies she seeks: specific performance and compensatory damages "in excess of $58,631.00." "The Tucker and Little Tucker Acts implicitly forbid federal courts from ordering declaratory or injunctive relief, at least in the form of specific performance, for contract claims against the government . . . ." Village of Bald Head Island, 833 F. Supp. 2d at 534 (quotation omitted); see Robbins v. U.S. Bureau of Land Mgmt., 438 F.3d 1074, 1082 (10th Cir. 2006); Presidential Gardens Assocs. v. United States ex rel. Sec'y of Hous. & Urban Dev., 175 F.3d 132, 143 (2d Cir. 1999); Price v. U.S. Gen. Servs. Admin., 894 F.2d 323, 325 (9th Cir. 1990).[3] As for damages, those claimed in Goins's original complaint exceed $10,000, triggering the Court of Federal Claims's exclusive jurisdiction.

Goins seeks to remedy this jurisdictional bar by moving to amend her complaint. A party generally may amend her complaint once as a matter of course. Fed. R. Civ. P. 15(a)(1). On April 19, 2016, Goins did so. See [D.E. 3]. Further amendments are allowed "only with the opposing party's written consent or the court's leave," although "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court may deny leave to amend a complaint if amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 439 (4th Cir. 2011). If the court would lack subject-matter jurisdiction over a plaintiff's amended complaint, the amendment would be futile. See U.S. ex rel. Ahumada v. NISH, 756 F.3d 268, 274, 279–82 (4th Cir. 2014); Harris v.

---

[3] Although the Fourth Circuit has held that a district court has jurisdiction to order specific performance of contracts against the government, it has done so only where such relief was expressly allowed by statute. See Village of Bald Head Island, 833 F. Supp. 2d at 534 n.5 (citing Charter Fed. Sav. Bank v. Office of Thrift Supervision, 976 F.2d 203, 210 (4th Cir.1992); Foxworth v. United States, No. 3:10-CV-317, 2010 WL 3938267, at *4 (E.D. Va. Oct. 6, 2010) (unpublished)).

8

Army Review Bd. Agency, No. 4:15-CV-122-D, 2016 WL 4578074, at *5 (E.D.N.C. Aug. 31, 2016) (unpublished); see also Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509–10 (4th Cir. 1986).

In her motion to amend, Goins states that she "seeks to amend her Complaint to revise the amount prayed for as damages to be in line with the Little Tucker Act." [D.E. 18] ¶ 5. In her proposed amended complaint, however, Goins merely replaces "Compensatory damages in excess of $58,631.00" with "Compensatory Damages in an amount allowed by law." Compare [D.E. 3] Prayer for Relief, with [D.E. 18-1] Prayer for Relief. The government asserts that this amendment fails to show that the court has subject-matter jurisdiction "because the proposed language lacks the requisite clarity that Plaintiff intends to cap any damages at $10,000." [D.E. 19] 2. Thus, the government argues that the amendment is futile.

"The amount of a claim under the Little Tucker Act, for jurisdictional purposes, is based on the actual recovery sought by a plaintiff pursuant to that claim and is not based on the potential worth of the claim." Smith v. Orr, 855 F.2d 1544, 1553 (Fed. Cir. 1988). A plaintiff can bring a breach-of-contract claim against the United States worth more than $10,000 in federal district court "if the plaintiff waives [her] right to recover the amount exceeding $10,000." Id.; see Randall, 95 F.3d at 347 n.8 ("A plaintiff can waive damages in excess of $10,000 to remain in district court . . . ."). A district court, however, may decline to exercise jurisdiction "where there is no indication that [the] Plaintiff has done so." Randall, 95 F.3d at 347 n.8. "[F]or a district court to maintain jurisdiction over a claim that might otherwise exceed $10,000, a plaintiff's waiver of amounts over that threshold must be clearly and adequately expressed." Waters v. Rumsfeld, 320 F.3d 265, 271 (D.C. Cir. 2003) (quotation omitted).

9

Given Goins's expressed desire in her proposed amended complaint to "revise the amount prayed for as damages to be in line with the Little Tucker Act," Goins urges the court to read "Compensatory Damages in an amount allowed by law" as waiving damages exceeding $10,000. The court rejects Goins's proposed reading. First, the Little Tucker Act simply sets the monetary ceiling above which a district court cannot exercise concurrent jurisdiction. The "amount allowed by law" for damages flows from contract law and the type of damages sought (i.e., compensatory). The fact that Goins seeks to recover "Compensatory Damages in an amount allowed by law" does not embody a clear waiver of damages exceeding $10,000. Second, a difference exists between requesting a certain amount of damages and expressly waiving recovery of damages exceeding that amount. For example, a plaintiff might request $10,000, but that does not mean she would not accept a larger award. Goins may have intended to waive damages exceeding $10,000, but she has not clearly waived her right to recover any amount exceeding $10,000. Thus, Goins has not clearly waived claims in excess of the Little Tucker Act's jurisdictional ceiling.

A plaintiff's claim presumptively falls outside a federal court's limited jurisdiction. See Kokkonen, 511 U.S. at 377. As the party asserting the claim, Goins bears the burden of establishing subject-matter jurisdiction, a burden that requires her to show that she clearly waives any right to recover damages exceeding $10,000. Given the ambiguity of Goins's proposed amendment, she has not met that burden. Thus, the court denies Goins's motion to amend as futile.

Neither party addressed whether the court should transfer the action to the Court of Federal Claims. If a district court concludes "that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631. It is not in the interest of justice to transfer this case, mainly because Goins may desire to waive damages exceeding $10,000

10

in order to stay in this court. If so, Goins can cure the defect based on this desired outcome by filing a new action in this court clearly waiving any damages exceeding $10,000. If not, Goins may file a new action for the initially requested amount in the Court of Federal Claims.

III.

In sum, the court GRANTS the government's motion to dismiss [D.E. 10] and DENIES as futile Goins's motion to amend her complaint [D.E. 18].

SO ORDERED. This 14 day of August 2017.

JAMES C. DEVER III
Chief United States District Judge